UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 6115**

**SUMMONS ISSUED**

------------------------------------------------------------X
CHRISTIAN SANCHEZ,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE WILLIAM
WARREN, TR# 833467, DETECTIVE PETER
HOEFLINGER, TR# 923952, DETECTIVE
BRUCE TULLOCH, TR#9334529 and Officer JOHN DOE
Assigned to the NBBN and 73rd Precincts of the NYPD,
In their Individual and Official Capacities.

                        Defendants.
------------------------------------------------------------X

**COMPLAINT**

12 Civ. _____

*Plaintiff Demands*
*A Trial by Jury*

KUNTZ, J.
RACK, M.J.

**Plaintiff, CHRISTIAN SANCHEZ,** by his attorneys, **ROBINSON & YABLON, P.C.**, complaining of the Defendants, sets forth the following:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff, CHRISTIAN SANCHEZ, seeks relief for the defendants' violation of plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory damages, an award of costs and attorneys' fees and such other relief as the Court may deem just.

## JURISDICTION

2. This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims as against defendants which are related to the claims within the Court's original jurisdiction because they form part of the same case and/or controversy.

## VENUE

4. Venue is proper for this Court pursuant to 28 U.S.C. §1391(a) (b) and (c) because the incident forming the basis of this action occurred in Kings County, State of New York.

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the City of New York on November 8, 2012, within 90 days of the happening of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused. Plaintiff submitted to a 50-h Hearing on November 13, 2012. A

supplemental Notice of Claim was filed with the City of New York on November 27, 2012 and adjustment or payment thereof continues to be neglected or refused.

## PARTIES

6. Plaintiff is a citizen and resident of the United States.

7. Defendant, THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants WARREN, HOEFLINGER, TULLOCH and DOE are and at all times relevant herein, duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant, THE CITY OF NEW YORK. Defendants were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as detectives, officers, agents, servants, and employees of defendant THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

9. On September 22, 2012, at approximately 4:30 p.m., at or near the intersection of Mother Gaston Blvd. and Newport Street, in the County of Kings and State of New York, plaintiff was lawfully upon the sidewalk when the defendant Detectives did negligently and recklessly drive an unmarked NYPD vehicle onto the sidewalk, striking and injuring plaintiff. Defendants then did exit said vehicle and accuse plaintiff of assaulting his girlfriend, Crystal Cruz, who was present at the scene of the aforementioned collision. Crystal Cruz denied being assaulted yet defendants refused to accept said denial, falsely arresting plaintiff and charging him with an assault which defendants knew had never occurred.

10. As a result of defendants' striking of plaintiff with their NYPD vehicle, plaintiff, CHRISTIAN SANCHEZ did sustain multiple permanent serious injuries.

11. At the time defendants arrested plaintiff, they lacked probable cause to detain, question, and/or confine plaintiff.

12. Defendants continued to assert bogus charges against plaintiff even after Crystal Cruz again told them at the Precinct that she was not the victim of a crime. Defendants continued to advance the bogus charges against plaintiff so as to conceal the fact they had negligently struck plaintiff with their NYPD motor vehicle as he was on the sidewalk.

13. Defendants charged plaintiff with said Penal Law offenses notwithstanding their knowledge they lacked probable cause to do so.

14. Defendants did then conspire to and did falsify their documentation so as to further promote their fraudulent claims regarding plaintiff's pre-arrest conduct.

15. The acts of defendants were willful and reckless and thus deprived plaintiff of his rights under the United States Constitution.

## **FIRST CLAIM**

16. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

17. By their conduct and actions defendants, acting under color of law and without lawful justification, negligently, intentionally, maliciously, and with deliberate indifference to or reckless disregard for the natural and probable consequences of their acts, caused injuries and damages in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18. As a result of the forgoing, plaintiff was deprived of his liberty, suffered specific and permanent serious bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

19. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. Defendants, by their conduct and actions in falsely arresting plaintiff in the absence of probable cause, defendants did, acting under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or reckless disregard for the natural and probable consequences of their acts, caused injuries and damages in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

21. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual. The policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and permanent serous bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and were otherwise damaged and injured.

**THIRD CLAIM**

25. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as it fully set forth herein.

26. The negligent and intentional conduct of the individual defendants, alleged herein, occurred while they were on duty, and/or in and during the course of and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and as a result, defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

27. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and permanent serous bodily injuries, great humiliation, mental anguish and emotional distress, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

28. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as it fully set forth herein.

29. That on September 22, 2012 at the aforementioned location, the motor vehicle operated by defendant Detectives failed to maintain control of their vehicle, jumped the curb and violently collided with the Plaintiff, Christian Sanchez causing him to be seriously injured.

30. That the aforementioned occurrence and resulting injuries to plaintiff, Christian Sanchez was caused solely by the recklessness, carelessness and negligence of the defendant in the ownership, operation, maintenance and control of their motor vehicle.

31. That the aforementioned occurrence and resulting injuries to plaintiff, Christian Sanchez were caused by the negligence, recklessness and carelessness of the defendants without any negligence on the part of the plaintiff, Christian Sanchez, contributing thereto.

32. That as a result of the aforementioned occurrence, plaintiff, Christian Sanchez still suffers and in the future will continue to suffer severe pain and nervous shock; that he has been confined to the hospital, his bed and home and has been prevented from pursuing his usual duties and vocation; that he will be obliged to seek continuous medical care and treatment in the future and will be unable to attend his usual and customary activities; that he has incurred

medical expenses, hospital expenses and loss of earnings, and will, continue to sustain such expenses substantially into the future.

33. As a result of the negligence of defendants, plaintiff, Christian Sanchez suffered a "serious injury" as set forth in Section 5102 subdivision (d) of the Insurance Law of the State of New York and the economic loss to plaintiff, Christian Sanchez was greater than basic economic loss.

34. This action falls within one of more of the exceptions set forth in Civil Practice Law and Rules §1602.

35. That be reason of the foregoing occurrence, the plaintiff, Christian Sanchez has sustained damages in excess of the jurisdictional limits of all lower Courts of the State of New York.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

        a. Compensatory damages;

        b. The convening and empanelling of a jury to consider the merits of the claims herein;

        c. Costs and interest and attorney's fees;

        d. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       December 10, 2012

                                            **ROBINSON & YABLON, P.C.**
                                            Attorneys for Plaintiff

                                            By: Andrew M. Laskin (AL9379)
                                            232 Madison Avenue, Suite 1200
                                            New York, New York 10016
                                            (212) 725-8566